IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| James Sailer, ) | |
| ) | |
| Plaintiff, ) | **ORDER GRANTING DEFENDANT'S** |
| ) | **MOTION TO DISMISS** |
| vs. ) | |
| ) | |
| Army Recruiter, Norman A. Bruce or ) | |
| person in charge of the office at U.S. Army ) | |
| Recrutiing Station, 288 West 1st St. ) | |
| Dickinson, ND 58601, ) | Case No. 1:06-cv-004 |
| ) | |
| Defendants. ) | |

Before the Court is the Defendant's Motion to Dismiss filed on March 3, 2006. For the reasons set forth below, the motion is granted.

I.  **BACKGROUND**

On January 24, 2006, the plaintiff, James Sailer, filed a pro se complaint in North Dakota state district court in the Southwest Judicial District, alleging the following:

> Form 9 Complaint
>
> para. 1 On July 7, 1971 at the U.S. Army Recruting Station, than located in the basement of the U.S. Post Office at 1st St. West and Sims in Dickinson, N.D., Sfc. Norman A. Bruce, secretively forged and breached U.S. Armed Forces, DA Form 3284, than on July 14, 1971 at the Armed Forces Induction Center at Fargo, N.D., the army career counselor Msg. Kenneth L. Moore and the enlistment officer, First Lt. R.F. Lee, secretively forged and breached the U.S. Armed Froces, DA Form 3286-8 and DD Form 4, James Sailer's Armed Forces enlistment contract for that term of enlistment. Subsequently lead to a slanderous Armed Forces discharge report, DD Form 214, dated 25 Oct. 1973.
>
> para 2. The slanderous discharge report prevented future enlistment opportunity and ruined James Sailer's Armed Forces career opportunity.
>
> para 3. As a result the damages are: See page 2 and 3.

1

See Docket No. 1, Attachments.

On January 24, 2006, the United States filed a Notice of Removal with the United States District Court for the District of North Dakota. On March 3, 2006, the United States filed a motion to dismiss asserting that Sailer's claims must be dismissed because they are barred by (1) the Feres doctrine, (2) res judicata, and (3) the statute of limitations. Sailer has not responded to the motion to dismiss. The Court notes that pursuant to Local Rule 7.1, failure to file a brief may be deemed an admission that the motion is well-taken.

The Court notes that Sailer has brought three previous law suits alleging similar claims, all of which were dismissed. See Sailer v. Dept of U.S. Army, et al., 1:05-cv-074 (D. N.D. 2005); Sailer v. Dept. of U.S. Army, et al., 1:04-cv-053 (D. N.D. 2004); Sailer v. United States, et al., 3:86-cv-01 (D. N.D. 2003). The record reveals that Civil No. 3:86-cv-01 was dismissed by the Court on July 14, 1986, "with prejudice except for any subsequent well pleaded, substantive claims over which the court may have jurisdiction." Sailer filed a petition seeking reconsideration in Civil No. 3:86-cv-01 in 2003. The petition was dismissed by order of the Court on March 5, 2003. The record also reveals that Civil No. 1:04-cv-053 was dismissed by the Court on July 1, 2004. Finally, Civil No. 1:05-cv-074 was dismissed on December 14, 2005.

## II.   LEGAL DISCUSSION

### A.   FERES DOCTRINE

Under the doctrine of intramilitary immunity, a service member or former service member cannot sue the United States or another military service member for a claim arising out of his military service. Feres v. United States, 340 U.S. 135 (1950). In Feres, the Supreme Court held that

2

"the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to military service." Id. at 146. The Government asserts that Sailer's claims of recruiter misconduct and slanderous discharge are clearly "incident to service." The Court agrees. As a result, the Court finds that Sailer's claims are barred by the Feres doctrine and must be dismissed.

### B.   RES JUDICATA

Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties from relitigating issues that were raised or could have been raised in that action. Federated Dep;t Stores, Inc. v. Moitie, 453 U.S. 394, 398 (1981). In determining whether res judicata applies, a court must examine three factors: (1) whether the parties are legally identical; (2) whether the transactions or events underlying the claims are substantially related; and (3) whether the nonmoving party had a full and fair opportunity to litigate the claim. Nevada v. United States, 463 U.S. 110, 130 (1983).

It is clear that Sailer's previous complaints included parties that are legally identical. Each of the prior complaints have included either the United States Army or former/current military personnel. Sailer's previous complaints have all included allegations of fraud or forgery as to his enlistment contract. Finally, Sailer has had numerous opportunities in the prior cases to fully and fairly litigate his claims. As a result, the Court expressly finds that Sailer's claims are barred by the doctrine of res judicata.

**C.      STATUTE OF LIMITATIONS**

It is well-established that claims against the United States must be commenced within six-years.  28 U.S.C. § 2401. Sailer's cause of action appears to have arisen between 1971 and 1976. If Sailer was not aware that his cause of action had accrued at that time, he was surely aware of it in 1986 when he initiated Civil No. A3-86-01 (D.N.D. 2003).  The claims asserted by Sailer in the present case appear to arise out of the very same facts and circumstances as the claims asserted in Civil No. A3-86-01.  As a result, the Court finds that Sailer's claims are barred by the statute of limitations set forth in 28 U.S.C. § 2401

**III.     CONCLUSION**

The Court **GRANTS** the Government's Motion to Dismiss (Docket No. 2).  The Court finds that dismissal is also warranted because of Sailer's failure to file a response.  See Local Rule 7.1 (failure to file a brief may be deemed an admission that the motion is well-taken).  Sailer's claims are **DISMISSED WITH PREJUDICE.**  The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

Dated this 12th day of April, 2006.

                                                         /s/ Daniel L. Hovland
                                                         Daniel L. Hovland, Chief Judge
                                                         United States District Court